UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRIAN M. CASEY, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | )    Civil Action No. 17-cv-00009 (TSC) |
| FEDERAL BUREAU OF INVESTIGATION, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, challenges the Federal Bureau of Investigation's refusal to confirm or deny records responsive to his request under the Freedom of Information Act ("FOIA"). The FBI has moved for summary judgment under Federal Rule of Civil Procedure 56 (ECF No. 23). For the reasons explained below, the motion will be GRANTED.

**I. BACKGROUND**

On June 29, 2016, Plaintiff requested "Form 302 of interviews" of six named individuals "concerning the investigation of the murder of Ryan Vanderson and Larrick Sikes," and an "index of available documents." (Decl. of David M. Hardy, ECF No. 23-1, Ex. A). On July 15, 2016, Defendant informed Plaintiff that in order to process his request for third-party records, it would need "an authorization and consent" from each person, proof of the person's death, or "a justification that the public interest in disclosure outweighs personal privacy[.]" (*Id.*, Ex. B). Otherwise, Defendant informed, it could neither confirm nor deny the existence of the requested records,

1

which is commonly referred to as a *Glomar* response.[1]  Defendant further informed Plaintiff that if such records exist, they would be exempt from disclosure under FOIA exemptions 6 and 7(C), codified in 5 U.S.C. § 552(b).  (*Id*.).

In a letter dated July 25, 2016, Plaintiff replied that he was seeking disclosure in the public interest.  He explained that he was convicted of a homicide in "an unfair trial in which state actors representing my rights refused to seek dismissal of the case." (Hardy Decl., Ex. C).  Plaintiff proceeded to explain "the real facts," exonerating him of the murder.  He concluded:  "Not only is it a public interest that criminals be apprehended in this case, the undersigned has a right to the information because his due process rights have been violated."  (*Id*. at 3).  Plaintiff faulted the investigation of the Lee County and Collier County Sheriff's Offices, and wrote that the "FBI's investigation . . . has been thwarted by the false statements given to investigators by the names listed."  (*Id*.).

Defendant rejected Plaintiff's public interest assertion in a letter dated August 9, 2016, explaining that he had not provided "sufficient documentation demonstrating [that] the public interest in the operations and activities of the government outweighs the substantial privacy interest of the subject."  (Hardy Decl., Ex. D).  Defendant repeated its *Glomar* response and invocation of exemptions 6 and 7(C), closed the FOIA request, and informed Plaintiff that he could reopen the request only by providing a third-party privacy waiver or proof of the third-party's death.  (*Id*., Ex. D).  Plaintiff

---

[1]  A *Glomar* response has its origins in "a case concerning a FOIA request for records relating to an underwater sea craft called the 'Glomar Explorer.' " *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 n.2 (D.C. Cir. 1995) (citing *Phillippi v. CIA*, 546 F.2d 1009 (D.C. Cir. 1976)).

appealed Defendant's decision to the Office of Information Policy, which affirmed the decision on October 16, 2016. (Hardy Decl., Exs. E, G). Plaintiff filed this action, construed as brought under the FOIA, in January 2017. (*See* Jan. 4, 2017 Order, ECF No. 3).

**II. LEGAL STANDARD**

Summary judgment is appropriate where the record shows there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Waterhouse v. District of Columbia*, 298 F.3d 989, 991 (D.C. Cir. 2002). "FOIA cases typically and appropriately are decided on motions for summary judgment." *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 180 (D.D.C. 2012) (citation omitted). The district court conducts a *de novo* review of the government's decision to withhold requested documents under any of FOIA's specific statutory exemptions. *See* 5 U.S.C. § 552(a)(4)(B). The burden is on the government agency to show that nondisclosed, requested material falls within a stated exemption. *See Petroleum Info. Corp. v. U.S. Dep't of Interior*, 976 F.2d 1429, 1433 (D.C. Cir. 1992) (citing 5 U.S.C. § 552(a)(4)(B)).

In FOIA cases, summary judgment may be based solely on information provided in the agency's supporting declarations. *See ACLU v. U.S. Dep't of Def.*, 628 F.3d 612, 619 (D.C. Cir. 2011); *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 838 (D.C. Cir. 2001). The D.C. Circuit instructs:

> If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the

agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone.

*ACLU*, 628 F.3d at 619. "Ultimately, an agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'" *Id*. (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (internal quotation marks omitted)). "To successfully challenge an agency's showing that it complied with the FOIA, the plaintiff must come forward with 'specific facts' demonstrating that there is a genuine issue with respect to whether the agency has improperly withheld extant agency records." *Span v. U.S. Dep't of Justice*, 696 F. Supp. 2d 113, 119 (D.D.C. 2010) (quoting *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)).

### III. ANALYSIS

A *Glomar* response permits an agency to "refuse to confirm the existence of records where to answer the FOIA inquiry would cause harm cognizable under a[ ] FOIA exemption." *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007) (quoting *Gardels v. CIA*, 689 F.2d 1100, 1103 (D.C. Cir. 1982)). Nevertheless, a "plaintiff can overcome a *Glomar* response by showing that the agency has already publicly disclosed the fact of the existence (or nonexistence) of responsive records." *ACLU v. CIA*, 710 F.3d 422, 427 (D.C. Cir. 2013). If an agency has "officially acknowledged the existence of the record, the agency can no longer use a *Glomar* response." *Moore v. CIA*, 666 F.3d 1330, 1333 (D.C. Cir. 2011). This Circuit has clarified that in the *Glomar* context, it is the "existence vel non of any records responsive to a FOIA request," rather than the content of the records, that is the focus of the inquiry. *ACLU*, 710 F.3d at 427.

To rebut a *Glomar* response, a plaintiff need only point to an official prior disclosure that "establishes the existence (or not) of records responsive to the FOIA

4

request," *Wolf*, 473 F.3d at 379, since that fact "is the purportedly exempt information that a *Glomar* response is designed to protect," *ACLU*, 710 F.3d at 427. It is the FBI's "long-standing policy" to provide a *Glomar* response—consistent with FOIA's privacy exemptions 6 and 7(C)—when third-party records are requested without either a privacy waiver or proof of death, or the demonstration of an overriding public interest in disclosure. (Hardy Decl. ¶ 13). *See Smith v. FBI*, 663 F. Supp. 2d 1, 4 (D.D.C. 2009) (noting that a *Glomar* response "is typically invoked to protect the privacy interests of third-party individuals under FOIA exemptions 6 and 7(C)" (citing *Barbosa v. Drug Enforcement Admin.*, 541 F. Supp. 2d 108, 110-11 (D.D.C. 2008)).

Defendant's declarant explains that a *Glomar* response "is necessary because members of the public are likely to draw adverse inferences from the mere fact that an individual is mentioned in the files of a law enforcement agency such as the FBI, as this may cast the individual in an unfavorable or negative light." (*Id*. ¶ 14). Moreover, the confirmation of such records could expose the subjects to the types of harm Exemption 7(C) is intended to shield, including "unsolicited and unnecessary attention." (*Id*.).

Despite the fact that the court previously advised Plaintiff that Defendant's factual assertions may be deemed admitted if not countered with contrary evidence, (Mar. 31, 2017 Order, ECF No. 25), Plaintiff has not rebutted Defendant's properly justified *Glomar* response, but has instead renewed his previously rejected motions that have nothing do with FOIA. (*See* Mot. to Strike and Orders to Show Cause, ECF No. 26; Mot. to Set Hearing on Mot. to Construe Pleading as 42 U.S.C. § 1988, Mot. to Default, and Order to Show Cause, ECF No. 27; Mot. to Enter Judgment on the Pleadings 42 U.S.C. 1988, ECF No. 28); *cf*. Mar. 31, 2017 Order, ECF No. 24 (denying,

*inter alia*, Plaintiff's motions to construe and strike and for default judgment). Consequently, Defendant is entitled to judgment as a matter of law on its uncontested *Glomar* response.[2]

## IV. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment will be GRANTED. A corresponding order will issue separately.

Date: March 23, 2018

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

---

[2] Apart from the *Glomar* response, Plaintiff's public interest claim at the administrative level (*see* Ex. C of Hardy Decl.) simply fails to override the privacy interests at stake. "Where the privacy concerns addressed by Exemption 7(C) are present, . . . [the requester] must show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake [and that] . . . the information is likely to advance that interest." *National Archives and Records Admin. v. Favish*, 541 U.S. 157, 172 (2004). And "the only cognizable public interest under FOIA is 'the citizens' right to be informed about what [the federal] government is up to.'" *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*, 745 F.3d 535, 543 (D.C. Cir. 2014) (quoting *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)). Plaintiff's assertions of wrongdoing by state or county entities add no weight on the FOIA scale "to balance against the cognizable privacy interests in the requested records." *Favish*, 541 U.S. at 174-75. Furthermore, "[a]s a result of Exemption 7(C), FOIA ordinarily does not require disclosure of law enforcement documents (or portions thereof) that contain private information," *Blackwell v. FBI*, 646 F.3d 37, 41 (D.C. Cir. 2011), and "the Supreme Court has made clear that requests for . . . third party information [contained in law enforcement documents] are strongly disfavored[,] . . . particularly . . . when the requester asserts a public interest—however it might be styled—in obtaining information that relates to a criminal prosecution," *id*. (citation and internal quotation marks omitted).